```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
INTENZE PRODUCTS, INC.,                           :
                                                  :
                           Plaintiff,             :
                                                  :                1:13-cv-8385-GHW
            -v -                                  :
                                                  :                ORDER
CHARM COLOR COMPANY, *et al.*,                    :
                                                  :
                           Defendants.            :
-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

On January 8, 2015, the Court entered a Final Default Judgment and Permanent Injunction against Defendants. Dkt. No. 34 (the "Final Judgment"). On April 22, 2025, Plaintiff filed a motion for a finding of contempt against Defendants for allegedly failing to comply with the Final Judgment. Dkt. No. 49.

Plaintiff's motion is denied without prejudice. Defendants have not appeared in this case. They will not have received notice of Plaintiff's motion by virtue of its filing. Plaintiff is directed to submit a proposed order to show cause scheduling a hearing on Plaintiff's contempt motion in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007 with the date left blank for the Court to fill in. The proposed order should require Plaintiff to serve the order and Plaintiff's motion papers, Dkt. Nos. 49, 50, 51, on Defendants in a manner permitted under Fed. R. Civ. P. 4 and to file proof of service on the docket within four weeks of the Court's entry of the order. The order should also provide that Defendants' opposition to Plaintiff's motion is due no later than three weeks after service of the motion is completed, and that Plaintiff's reply, if any, is due one week after service of Defendants' opposition.

Plaintiff is reminded that if a hearing on Plaintiff's motion for contempt is scheduled, Plaintiff will bear the "burden of proof to establish, by clear and convincing evidence," that, among

other things, the persons and entities that Plaintiff alleges are infringing on its copyrights and trademarks are really the Defendants who are subject to the Final Judgment. *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002) (quotation omitted); *see* Dkt. No. 50 (stating that the entities allegedly infringing on Plaintiff's intellectual property have different names than the defendants named in the Final Judgment). The Court will also have to make a determination regarding what the "appropriate coercive remedy" is if Plaintiff carries its burden of establishing contempt. *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 857 (2d Cir. 1984). There is no guarantee that any relief Plaintiff may obtain pursuant to its motion for contempt would exceed or accrue faster than the relief potentially obtainable by filing a separate action against the entities named in Plaintiff's papers.[1]

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 49.

SO ORDERED.

Dated: July 1, 2025
New York, New York

GREGORY N. WOODS
United States District Judge

---

[1] For the avoidance of doubt, the Court takes no position on whether any relief is appropriate pursuant to Plaintiff's motion for contempt. The appropriateness and scope of any relief would be determined at or after the hearing.